JL

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James R. Hunter, | No.   CV-25-04418-PHX-JAT (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| Lucy M. Rand, et al., | |
| Defendants. | |

Plaintiff James R. Hunter, who is confined in the Arizona State Prison Complex-Yuma, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will dismiss this action.

**I.    Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. *Id.* The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28

1  U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend, because the defects cannot be corrected to state a claim.

### III. Complaint

In his Complaint, Plaintiff sues Assistant Arizona Attorneys General Lucy Rand and Paul Edward Carter; Supervisors Luci Danielle Davis and Laura Louise Roubicek; Arizona Department of Corrections, Rehabilitation and Reentry (ADCRR) General Counsel Ashley Otto; and Correctional Officer IV Alan Cuen. Plaintiff brings claims regarding Defendants' roles in two of Plaintiff's prior civil rights cases in this Court: *Hunter v. Pulicicchio*, CV-18-00351-TUC-RCC (D. Ariz. 2018), and *Hunter v. Shinn*, CV-21-01228-PHX-SRB (D. Ariz. 2021). Plaintiff seeks monetary relief.

#### A. Background

To lend context to Plaintiff's allegations, the Court briefly describes the litigation in *Hunter v. Pulicicchio* and *Hunter v. Shinn*.

In *Hunter v. Pulicicchio*, Plaintiff asserted a First Amendment retaliation claim against Deputy Warden Stemple. (*See* Doc. 76 in CV-18-00351.) Assistant Attorney General Carter represented Deputy Warden Stemple. (*Id.*) Stemple moved for summary judgment based on failure to exhaust administrative remedies and on the merits of Plaintiff's claim. (*Id.*) The Court granted Stemple's Motion for Summary Judgment for failure to exhaust administrative remedies to the extent Plaintiff's First Amendment retaliation claim was based on: Stemple's alleged failure to process Plaintiff's grievances, Plaintiff's transfer to another housing unit, the destruction of Plaintiff's property, and Plaintiff's lockdown upon return to Stemple's housing unit. (*Id.*) The Court granted the Motion for Summary Judgment on the merits of the remainder of Plaintiff's First Amendment retaliation claim. (*Id.*) Plaintiff appealed, and on January 24, 2023, the Ninth Circuit Court of Appeals affirmed the Court's decision. *Hunter v. Pulicicchio*, No. 21-16513 (9th Cir. Jan. 24, 2023).

In *Hunter v. Shinn*, Plaintiff asserted an Eighth Amendment claim against Deputy Warden Charles Galvan, who passed away while the litigation was pending. (*See* Doc. 130

1  in CV-21-01228.) Assistant Attorney General Ken Sanders initially represented Galvan.
2  (*Id.*) On November 30, 2023, Mr. Sanders filed a Motion to Withdraw as Attorney, stating
3  that he had "made contact" with Mrs. Galvan in October 2023 and received her
4  authorization to enter an appearance and to file an answer on her behalf, but since then, he
5  had not been able to contact Mrs. Galvan by phone, e-mail, or mail. (*Id.*) On December
6  23, 2023, Assistant Attorney General Lucy Rand filed a Notice of Withdrawal of Mr.
7  Sanders's Motion to Withdraw stating that she would represent Mrs. Galvan going forward.
8  (*Id.*) That same day, Ms. Rand filed a Notice of Substitution to substitute as counsel for
9  Mrs. Galvan in place of Mr. Sanders. (*Id.*)

Galvan's Estate moved for summary judgment on exhaustion grounds as to Plaintiff's Eighth Amendment claim against Deputy Warden Galvan. (*Id.*) In support of its Motion, the Estate submitted a Declaration from Grievance Coordinator Alan Cuen and a copy of the Unit Grievance Coordinator Logs for Stiner Unit for March through August 2020. (*Id.*) In his Amended Response to the Motion for Summary Judgment, Plaintiff pointed out that he had submitted a Formal Grievance on August 10, 2020, and although the Unit Grievance Coordinator Log showed a Formal Grievance had been submitted in Case No. 20-020231, his name had been blacked out. (*Id.*)

On April 26, 2024, the Estate filed a Notice of Errata regarding its Statement of Facts in support of its Motion for Summary Judgment. (*Id.*) The Notice of Errata informed the Court there were errors in paragraphs 35 and 40 of the Estate's Statement of Facts and the Cuen Declaration. (*Id.*) The Estate attached a Corrected Statement of Facts, with exhibits. (*Id.*) The Unit Grievance Coordinator Log showed Plaintiff's name for the entry for Plaintiff's unprocessed formal grievance for case #20-020231. (*Id.*)

Plaintiff moved to strike the Notice of Errata because the Estate filed it two months after it filed its Motion for Summary Judgment and only after Plaintiff filed his Amended Response to the Motion for Summary Judgment pointing out that he had submitted a Formal Grievance and that his name was blacked out in the Unit Grievance Coordinator Log. (*Id.*) Plaintiff also asked the Court to deny the Estate's Motion for Summary

1 Judgment, claiming Coordinator Cuen intentionally blacked out or redacted Plaintiff's
2 name in the Unit Grievance Coordinator Log to mislead the Court into believing Plaintiff
3 failed to exhaust administrative remedies, and opposing counsel drafted the Cuen
4 Declaration to further mislead the Court. (*Id.*)

5 The Estate filed a Motion to Strike Plaintiff's Motion to Strike the Notice of Errata.
6 (*Id.*) Plaintiff filed a Response to the Motion to Strike, in which he accused opposing
7 counsel of submitting "false and fraudulent documents" to the Court, manufacturing,
8 altering, and destroying public records "when dealing with" pro se ADCRR prisoners, and
9 "down[]play[ing]" alleged crimes counsel and Grievance Coordinator Cuen have
10 committed. (*Id.*) The Court declined to consider Plaintiff's arguments in his Response to
11 the Motion to Strike and noted that Plaintiff's personal attacks against opposing counsel
12 were inflammatory, baseless, and unacceptable. (*Id.*) The Court warned Plaintiff that it
13 would not tolerate any further personal attacks on opposing counsel, in that case or any
14 other case before this Court. (*Id.*)

15 With respect to the Motion for Summary Judgment, Plaintiff moved to strike
16 portions of the Declarations and exhibits the Estate submitted in support of its Motion for
17 Summary Judgment, including the entirety of the Declaration of Alan Cuen. (*Id.*) The
18 Court again observed that Plaintiff had "level[ed] various unsupported accusations against
19 opposing counsel," that he had no evidence to support any of his claims, and that his attacks
20 on opposing counsel were inappropriate. (*Id.*) The Court further noted that Plaintiff
21 devoted a considerable portion of his Response to an argument regarding the Estate's
22 attorney and those arguments should have been raised nine months earlier in an objection
23 to former counsel's Motion for Withdrawal. (*Id.*) The Court granted the Estate's Motion
24 for Summary Judgment on exhaustion grounds. (*Id.*)

25 Plaintiff appealed, and the appeal remains pending.

26 **B.     Plaintiff's Allegations**

27 Put briefly, Plaintiff alleges that Defendants Rand, Carter, Davis, and Roubicek
28 have created an informal policy to deny prisoners access to the courts and their

constitutional right to petition for redress of grievances. Plaintiff asserts this policy calls for "the manufacturing of facts that [an] inmate ha[s] not exhausted their remedies," and to "accomplish this feat," Defendants "submit false declarations" and "manufacture" documents with the assistance of ADCRR employees.

Plaintiff claims that in *Hunter v. Shinn*, Defendant Cuen "altered and manufactured documents at the urging of" Defendant Rand and composed and submitted a fraudulent and perjurious declaration concerning Plaintiff's failure to exhaust administrative remedies. Plaintiff alleges that in *Hunter v. Pulicicchio*, Defendant Carter "manufactured documents similar" to the documents in *Hunter v. Shinn* to obtain summary judgment.

Plaintiff asserts that Defendants Davis and Roubicek are "aware of this practice as supervisor[]s and approve this practice where without their approval this would not be." Plaintiff claims Defendant Otto "has condoned this practice to defeat prisoners' claims for years" and has "made sure that documents showing employee[s'] misconduct are concealed."

## IV. Discussion

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A. Statute of Limitations

Failure to state a claim includes circumstances where a defense is "complete and obvious from the face of the pleadings." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). In the absence of waiver, the Court may raise the defense of statute of limitations sua sponte.

*See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993); *see also Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) of prisoner's time-barred complaint).

The applicable statute of limitations in an action under 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The Arizona statute of limitations for personal injury actions is two years. *See* Ariz. Rev. Stat. § 12-542(1).

Accrual of § 1983 claims is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998). Thus, to be timely, Plaintiff's claims must have accrued no more than two years before his Complaint was filed in this case on November 26, 2025.

In *Hunter v. Pulicicchio*, the Court granted Defendants' Motion for Summary Judgment on September 9, 2021. (Doc. 76 in CV-18-00351.) Any claims regarding that case accrued no later than September 9, 2021, and the statute of limitations expired on September 9, 2023, more than two years before Plaintiff filed the Complaint in this case. Any claims with respect to Defendants' conduct in *Hunter v. Pulicicchio* are barred by the statute of limitations.

### B.     Absolute Immunity

#### 1.     Defendants Carter and Rand

If a government attorney is performing acts "intimately associated with the judicial phase" of the litigation, that attorney is entitled to absolute immunity from damages liability." *Fry v. Melaragno*, 939 F.2d 832, 836-38 (9th Cir. 1991). "The proper forum for challenges to these allegedly improper actions is in the adversary proceedings, not in a separate suit for damages." *Id.* However, government attorneys "are not immune from any actions that are wholly unrelated to or outside of their official duties." *Bly–Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). Plaintiff has not alleged any facts to

support that Defendants Carter and Rand took any actions that were "wholly unrelated to or outside of their official duties." Thus, Defendants Carter and Rand are absolutely immune from liability for damages for their conduct in Plaintiff's prior civil rights cases.

### 2. Defendant Cuen

Defendant Cuen is absolutely immune for his role in *Hunter v. Shinn*, even if he made a false statement in a declaration. *See Paine v. City of Lompoc*, 265 F.3d 975, 980 (9th Cir. 2001) ("Witnesses . . . are accorded absolute immunity from liability for their testimony in judicial proceedings."); *Burns v. County of King*, 883 F.2d 819 (9th Cir. 1989) (per curiam) (where defendant claimed social worker submitted false information in affidavit used in his bail revocation hearing, witness immunity applied because defendant enjoyed the protections of the adversary process, from penalty for alleged perjury and the opportunity to refute); *Ortega v. Ritchie*, 2017 WL 747326 (N.D. Cal. Feb. 27, 2017) (granting summary judgment based on absolute immunity where plaintiff sued defendants based solely upon the testimony (through sworn declarations) that they submitted in plaintiff's earlier lawsuit) (citing *Paine*, 265 F.3d at 980).

### 3. Defendants Davis, Roubicek, and Otto

With respect to Defendants Davis, Roubicek, and Otto, Plaintiff fails to allege any facts to support that they were personally involved in *Hunter v. Shinn*. Plaintiff asserts that as supervisors, Defendants Davis and Roubicek are "aware of" the purported practice of manufacturing facts, submitting false documents, and manufacturing documents, and Defendant Otto "has condoned this practice to defeat prisoners' claims for years."

There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Defendants Davis, Roubicek, and Otto cannot be held liable under § 1983 where there is no underlying constitutional violation. As discussed, Defendants Carter and Rand are absolutely immune for their conduct in Plaintiff's prior civil cases, and Plaintiff cannot state a claim against them for a constitutional violation in connection with their representation of defendants in Plaintiff's prior civil cases. Accordingly, Plaintiff fails to state a claim against Davis, Roubicek, and Otto.

For the foregoing reasons, Plaintiff fails to state a claim in the Complaint, and it will be dismissed.

**V.     Dismissal Without Leave to Amend**

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). Although a pro se plaintiff is generally entitled to notice of the deficiencies of his claims and an opportunity to amend, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), the Ninth Circuit in *Corinthian Colleges* explained that leave to amend is not warranted unless the deficiencies "can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint," 655 F.3d at 955 (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)). *See also Lopez*, 203 F.3d at 1130 (leave to amend should be granted unless a pleading "could not possibly be cured by the allegation of other facts").

Plaintiff has asserted claims that are barred by the statute of limitations and has named Defendants who are absolutely immune for their conduct or Defendants who cannot otherwise be held liable for any alleged injury. The defects in the Complaint cannot be cured with additional allegations that are "'consistent with the challenged pleading' and that do not contradict the allegations" in the Complaint. *Corinthian Colleges*, 655 F.3d at

955.  The Court finds further leave to amend is not warranted.  The Court will therefore dismiss the Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 11th day of December, 2025.

James A. Teilborg
Senior United States District Judge